UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TINA SHIELDS,

        Plaintiff,

  v.

BCI COCA-COLA BOTTLING
COMPANY OF LOS ANGELES,

        Defendant.

CASE NO. C04-928JLR

ORDER

## I. INTRODUCTION

This matter comes before the court on Plaintiff's motion for reconsideration (Dkt. # 59). For the reasons stated below, the court GRANTS the motion.

## II. BACKGROUND

In an August 25, 2005 order, the court granted in part and denied in part the summary judgment motion of Defendant BCI-Coca Cola Bottling Company of Los Angeles ("BCI Coke"). At the conclusion of that order, the court listed the claims remaining for trial. Plaintiff asks that the court to reconsider its order solely to the extent that it did not address Plaintiff's retaliatory hostile work environment claim under the Washington Law Against Discrimination ("WLAD"). Because the court did not directly

ORDER – 1

address the claim in its order, the court ordered BCI-Coke to respond to Plaintiff's motion for reconsideration.

### III. ANALYSIS

Assuming that Washington courts recognize a cause of action for a retaliatory hostile work environment claim,[1] they would do so under the same analysis applicable to a hostile work environment claim based on race or gender discrimination. Such a claim would require a plaintiff to prove offensive and unwelcome conduct serious enough to affect the terms or conditions of employment, that the conduct was motivated by a desire to retaliate against the plaintiff for engaging in protected activities under the WLAD, and that the conduct is imputable to the employer. Adams v. Able Bldg. Supply, Inc., 57 P.3d 280, 283 (Wash. Ct. App. 2002). The harassment must be both objectively abusive in the eyes of a reasonable person and subjectively abusive to the plaintiff. Id. at 284.

Plaintiff has provided sufficient evidence to sustain a retaliatory hostile work environment claim. Plaintiff's evidence supports the inference that her managers, particularly Troy Nievaard and John Terry, had animus toward her based on her frequent exercise of her right to protest her working conditions, to seek disability protection, and to complain of perceived discrimination and harassment. Plaintiff also provides evidence that this animus motivated numerous incidents of alleged harassment. BCI Coke correctly notes that Plaintiff claims that gender discrimination motivated many, if not all, of the same incidents. There is nothing, however, that prevents Plaintiff from presenting evidence of multiple motivations for the same conduct.

---

[1] Although the Ninth Circuit has recognized a retaliatory hostile work environment cause of action (Ray v. Henderson, 217 F.3d 1234, 1245 (9th Cir. 2000)), the Plaintiff admits that no Washington court has done so. BCI Coke, however, does not dispute Plaintiff's contention that a Washington court would recognize a similar cause of action under the WLAD.

ORDER – 2

BCI Coke also offers two procedural defenses to Plaintiff's retaliatory hostile work environment claim. The first, that Plaintiff never pled a retaliatory hostile work environment claim, does not persuade the court. The pleadings and evidence in support of the original motion leave little doubt that BCI Coke was on notice that Plaintiff believed that retaliation motivated some or all of BCI Coke's alleged misconduct. Plaintiff's failure to identify this theory with the proper label in her complaint and amended complaint is of no consequence.

BCI Coke's second defense is that Plaintiff has not provided evidence of an incident contributing to the pattern of alleged retaliatory harassment after April 2001, and thus her claim is time-barred. The court disagrees. For example, according to Ms. Shields, the incident that precipitated her May 2002 termination was Mr. Nievaard shoving FMLA paperwork in her face after she requested it. Although BCI-Coke disputes this version of the event, a jury could accept Ms. Shields version and find that Mr. Nievaard's conduct was objectively and subjectively hostile.

## IV. CONCLUSION

For the reasons stated above, the court GRANTS Plaintiff's motion for reconsideration (Dkt. # 59). Plaintiff may pursue her retaliatory hostile work environment claim at trial.

Dated this 12th day of September, 2005.

JAMES L. ROBART
United States District Judge

ORDER – 3